United States District Court
Southern District of Texas
ENTERED
October 27, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| THYAGO S., "Petitioner," | § | |
| v. | § | Civil Action No. 1:26-cv-00574 |
| WARDEN, PORT ISABEL SERVICE PROCESSING CENTER, *et al.*, "Respondents." | § | |

**ORDER**

Before this Court are Petitioner's "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" (Dkt. No. 1) ("Petition") and "Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus as Moot" (Dkt. No. 6) ("MTD").

By their MTD, Respondents notify the Court of Petitioner's removal from the United States and request dismissal of the Petition on mootness grounds. Dkt. No. 6. The Court concludes from this filing that the Petition is now moot.

For the Court to retain subject matter jurisdiction over this case, the Petition must continue to present a live case or controversy. *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Otherwise, the case is moot, and the Court is deprived of jurisdiction. A case becomes moot when it is "impossible for a court to grant any effectual relief whatever to the prevailing party." *Herndon*, 985 F.3d at 446 (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)).

Here, Petitioner challenges his civil immigration detention and seeks relief in the form of release from Respondents' custody.[1] *See generally* Dkt. No. 1. But Petitioner's removal necessarily ended the challenged detention and placed him beyond Respondents' custody. The Court therefore can no longer grant the relief sought in the Petition, and no live case or controversy

[1] The Petition also seeks attorney's fees under the Equal Access to Justice Act ("EAJA"). Dkt. No. 1 at 13. Because EAJA fees are not available in habeas corpus proceedings like this one, *Barco v. Witte*, 65 F.4th 782 (5th Cir. 2023), such relief is foreclosed

remains. The Court also finds no collateral consequence, and Petitioner's counsel identifies none, that would prevent the Petition from becoming moot.[2]

For these reasons, Respondents' MTD (Dkt. No. 6) is **GRANTED** and the Petition (Dkt. No. 1) is hereby **DISMISSED** as moot. The Clerk of Court is **ORDERED** to close this case.

SIGNED this October 27, 2026

Rolando Olvera
United States District Judge

[2] Counsel for Petitioner did not timely file a response in opposition to Respondents' MTD. That failure to respond deems the MTD unopposed. *See* Local Rule 6(C).